Aſſumpſit
for Money
had and re-
ceived will
not lie to
recover the
Conſideration
Money paid
for land
originally
conveyed to
the Plaintiff,
and ſubſe-
quently to a
third Party,
on the Plain-
tiff's Deed
being de-
ſtroyed before
recording.

### Curtis *verſ.* Nightingale.

INDEBITATUS ASSUMPSIT for Money had and received to the Plaintiff's Uſe. The Caſe was,— Nightingale, for a good Conſideration, ſold a Tract of Land to the Plaintiff, by Deed; and after-wards, the Plaintiff's Deed being burnt before re-cording, the ſaid Nightingale conveyed the ſame Land to another Perſon. The Plaintiff now brought this Action to recover back the Conſid-eration Money.

*Mr. Dana* objected, that this Action would not lie, but that a ſpecial Action of the Caſe, upon the Fraud, ſhould have been brought. 1 Salk. 22. Comb. 341. 2 Stran. 916. 1 Bac. 167.

*A Majority of the Court* was of Opinion that this Action for Money had and received would not lie, and ſo directed the Jury, who found accord-ingly.* (1)

N. B.

* Vid. 2 Ld. Raym'd. 1216, 1217.

---

(1) It was formerly the rule, that what was a tort in its inception could not be made the ſubject of an implied aſſumpſit. But many exceptions to this rule have been eſtabliſhed. Where goods tortiouſly obtained or held have been ſold by the wrong doer, the owner may waive the tort, confirm the ſale and maintain aſſumpſit for the price received. 2 Ld. Raym. 1216 (cited by the reporter *ſupra*). *Jones* v. *Hoar*, 5 Pick. 285. Whether in a caſe like the one above reported the plaintiff would not have an election, either to conſider the ſale as reſcinded, and recover his original conſideration, or to treat the defendant as his agent

in

N. B.   A fpecial Action on the Cafe was afterward brought, and, on Demurrer to the Declaration, the Superiour Court (March Term, Suffolk, 1768) gave Judgment in Favour of the Plaintiff, on the Authority of 10 Rep. 92, b.* (2)

* Viner, Evid. (T. b. 22) pl. 1, 3, & ye Note, & ye Authorities there cited.   Ib. (T. b. 65) pl. 3.

1767.

Curtis
*v.*
Nightin-
gale.

Rec. 1768.
Fol. 139.

A Deed cafually deftroyed by Fire may be proved by Witneffes.

---

in the fecond conveyance, and recover the laft received purchafe-money — *quære*.   On a fubfequent page of the MS., this cafe is again reported, and the action is there ftated to have been brought " to recover back the Confideration Money, either of the 1ft or 2d Deed."   By the record, however, it appears that the action was brought for the original price paid by the plaintiff.

(2) *Doctor Leyfield's Cafe*, where it is laid down that a deed cafually deftroyed by fire may be " proved in evidence to the jury by witneffes, that affliction be not added to affliction."   The demurrer was evidently on the ground that the deed was not pleaded with a *profert*.   Formerly, in cafe of a loft deed, relief could only be had in equity.   Id. (ed. of 1826) *in notis*.